# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID K. EWING, JR., | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:24-cv-00907-MTS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order Movant to show cause why the Motion should not be summarily dismissed.

## Background

On January 03, 2019, Movant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Ewing*, 4:18-cr-178-MTS-1 (E.D. Mo.). On May 28, 2019, the Court sentenced Movant to a total term of 120 months' imprisonment and three years of supervised release. Movant did not appeal.

On June 28, 2024, movant filed a letter asserting that new laws have passed that would eliminate his status as an armed career criminal.* Doc. [1]. He sought immediate release. The Court construed the letter as a motion to vacate, set aside, or reduce sentence pursuant to 28 U.S.C. § 2255, and ordered Movant to file an amended motion on a Court-provided form. On August 12, 2024, movant filed his amended motion.

---

* The Clerk received Movant's letter on June 28, 2024, and filed it on July 1, 2024. Under the prison mailbox rule, a prisoner's § 2255 motion is deemed filed the moment he deposits it in the prison mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). Because the Court does not have the date Movant deposited his letter into the prison mail system, it will used the date of June 28, 2024.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>(1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*; *see also Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015) (finding *Day*'s notice requirement applies to § 2255 motions).

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). Here,

Movant's time for filing a direct appeal expired on June 11, 2019, which is fourteen days after the judgment was entered. *See* Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on June 11, 2020. The instant motion was received by the Court on June 28, 2024, which is more than four years late.

In his motion, Movant states that the one-year statute of limitations should not bar his motion because new laws have come into effect and these laws prevent his motion from being time-barred. *See* Doc. [6] at 12. In his original letter, Movant cited to *United States v. Taylor*, 596 U.S. 845 (2022), as this new law. *See* Doc. [1]. The Supreme Court decided *Taylor* on June 21, 2022. Assuming *Taylor* is applicable to Movant's case, which the Court is not deciding, under § 2255(f)(3), Movant would have had to file his § 2255 motion by June 21, 2023. He filed it more than a year after this deadline.

For these reasons, the Court will order Movant to show cause, in writing and no later than twenty-one days from the date of this Order, why his § 2255 motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Movant shall show cause, in writing and no later than <u>**Friday**</u>, <u>**April 11, 2025**</u>, why the instant § 2255 motion should not be dismissed as time barred.

**If Movant fails to comply with this Order, the Court will dismiss his § 2255 motion.**

Dated this 21st of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE